```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| RICHARD W. DUGGAN,         )<br>     Plaintiff,          )<br>                            )<br>v.                          )<br>                            )<br>JOHN POTTER, POSTMASTER    )<br>GENERAL, ET AL,            )<br>     Defendants.           )<br>                            ) | Civil Action No. 04-11116-DPW |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The defendants, John E. Potter, Postmaster General, and the United States Postal Service, respectfully request that this Court dismiss the above-captioned matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as the plaintiff has failed to state a claim upon which relief can be granted. As reason therefore, the defendants state that the plaintiff failed to file his formal administrative complaint within fifteen (15) days of receipt of the "Notice of Right to File Individual Complaint" as required by 29 C.F.R. § 1614.106(b).

**SUMMARY OF FACTS**

The plaintiff, Richard Duggan, contacted the Equal Employment Opportunity (EEO) office on December 10, 2003.[1] On January 5, 2004, the plaintiff submitted an "Information for Pre-

---

[1] See the attached affidavit of Mary Ann Keefe, EEO Dispute Resolution Specialist for the United States Postal Service, paragraph 7.

Complaint Counseling."[2]  In his information for pre-complaint counseling, the plaintiff alleged age discrimination in connection with actions taken by the Plant Manager to place him out of his MDO position and into a training detail.[3]

On January 16, 2004, Mary Ann Keefe, EEO Dispute Resolution Specialist for the United States Postal Service, interviewed the plaintiff.[4]  On February 11, 2004, Ms. Keefe mailed to the plaintiff a letter with a "Notice of Right to File a Formal Complaint" with instructions for filing the complaint within fifteen (15) days of receipt of the "Notice of Right to File a Formal Complaint."[5]  In her letter, Ms. Keefe advised the plaintiff that failure to file within the fifteen (15) day time frame could result in his complaint being dismissed as untimely.[6]

On April 16, 2004, Mr. Duggan filed a formal complaint, 45 days beyond the deadline for filing his formal complaint.[7]  In

---

[2] See "Information for Pre-Complaint Counseling" attached to the affidavit of Mary Ann Keefe as Exhibit 1.

[3] See "Information for Pre-Complaint Counseling" section C. "Description of Incident/Action" attached to the affidavit of Mary Ann Keefe as Exhibit 1.

[4] See the attached affidavit of Mary Ann Keefe, paragraph 8.

[5] See the attached affidavit of Mary Ann Keefe, paragraph 8.

[6] See the attached affidavit of Mary Ann Keefe, paragraph 8, and Exhibit 2.

[7] See the attached affidavit of Mary Ann Keefe, paragraph 9, and Exhibit 3.

defense of his failure to timely file his formal complaint, the plaintiff submitted a letter dated April 14, 2004, in which he stated that he had mailed the original complaint on February 22, 2004, and provided a copy of an envelope which was a postal "penalty" envelope without a postmark.[8]  Handwritten on the copy of the envelope was the date of February 22, 2004.[9]

On April 29, 2004, EEO Compliance and Appeals dismissed the plaintiff's formal complaint, pursuant to 29 C.F.R. § 1614.107(a)(2), as the plaintiff failed to file his formal complaint within fifteen (15) days as required by 29 C.F.R. § 1614.106(b).[10]

A review of postal EEO records reflects that Mr. Duggan has filed formal EEO complaints on two (2) occasions in the past: June 26, 1995, and October 25, 1995.[11]

On or about July 14, the plaintiff filed a civil complaint in the United States District Court for the District of Massachusetts alleging age discrimination.

---

[8] See the attached affidavit of Mary Ann Keefe, paragraph 9, and Exhibit 3.

[9] See the attached affidavit of Mary Ann Keefe, paragraph 9, and Exhibit 3.

[10] See the attached affidavit of Mary Ann Keefe, paragraph 10.

[11] See the attached affidavit of Mary Ann Keefe, paragraph 11.

**ARGUMENT**

**I.   Standard of Review for a Motion to Dismiss**

A motion to dismiss challenges the sufficiency of the complaint without being subjected to discovery or other costly and time-consuming proceedings. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). As is customary, the factual allegations of a complaint are taken as true. E.g., Edwards v. John Hancock Mutual Life Insurance Co., 973 F.2d 1027, 1028 (1st Cir. 1992); Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); McDonald v. Commonwealth of Massachusetts, 901 F. Supp. 471, 475 (D. Mass. 1995).

**II.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Limitations defenses are appropriately raised in Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. LaChapelle v. Berkshire Life Insurance Company, 142 F.3d 507, 509 (1st Cir. 1998); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Kali Seafood, Inc. v. Howe Corp., 887 F.2d 7, 9 (1st Cir. 1989).

**III. The Plaintiff Failed to File His Formal Complaint within Fifteen (15) Days of Notice as Required by 29 C.F.R. § 1614.106(b) and the EEO Dismissed the Complaint Pursuant to 29 C.F.R. § 1614.107(a)(2).**

Title 29, section 1614.103(a) states: "Individual and class complaints of employment discrimination and retaliation prohibited by... the ADEA (discrimination on the basis of age when the aggrieved individual is at least 40 years of age) shall be processed in accordance with this part."

Title 29, section 1614.106(b), of the Code of Federal Regulations states, "A complaint must be filed within 15 days of receipt of the notice required by § 1614.105(d), (e) or (f)."

Title 29, section 1614.107(a)(2), of the Code of Federal Regulations states, "(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: (2) That fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c)..."

As stated above, on January 5, 2004, the plaintiff submitted an "Information for Pre-Complaint Counseling" alleging age discrimination.  On January 16, 2004, Mary Ann Keefe, EEO Dispute Resolution Specialist for the United States Postal Service, interviewed the plaintiff.  On February 11, 2004, Ms. Keefe mailed to the plaintiff a letter with a "Notice of Right to File a Formal Complaint" with instructions for filing the complaint within fifteen (15) days of receipt of the "Notice of Right to

File a Formal Complaint."

On April 16, 2004, Mr. Duggan filed a formal complaint, 45 days beyond the deadline for filing his formal complaint.

On April 29, 2004, EEO Compliance and Appeals dismissed the plaintiff's formal complaint, pursuant to 29 C.F.R. § 1614.107(a)(2), as the plaintiff failed to file his formal complaint within fifteen (15) days as required by 29 C.F.R. § 1614.106(b).

Since the plaintiff filed his administrative complaint forty-five (45) days after the applicable fifteen (15) day filing deadline, his EEO complaint was properly dismissed.  See Kersey v. Widnall, 1998 WL 151231 *3 (D.Mass.), citing Miller v. Runyon, 32 F.3d 386, 388 (8th Cir. 1994) (dismissal of EEOC complaint filed five days after fifteen-day deadline); Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982) (dismissal of Title VII complaint filed one day late).

**CONCLUSION**

Wherefore, based upon the plaintiff's failure to file his formal administrative complaint within fifteen (15) days as required by 29 C.F.R. § 1614.106(b), the defendants respectfully request that the plaintiff's complaint be dismissed as the plaintiff has failed to state a claim upon which relief can be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: October 21, 2004   By:   /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the defendants' Memorandum in Support of Motion to Dismiss was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Richard W. Duggan
103 Oak Lane #6
Brockton, MA 02301

Dated: October 21, 2004       /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney