UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

RICHARD W. DUGGAN,        Civil Action No. 04-11116-DPW
Plaintiff,
v.

JOHN POTTER, POSTMASTER GENERAL, ET AL.
Defendants

**RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS**
dated October 21, 2004

**SUMMARY OF FACTS**

On February 20, 2004, I received the paperwork to file a formal EEO case from Mary Ann Keefe, EEO dispute resolution specialist for the US Postal Service(1) I completed the formal paperwork on 2-22-04 (2), and mailed all of the paperwork in a penalty envelope(3) on Sunday evening 2-22-04 by placing them in the US Mail collection located on Oak Lane, Brockton, MA 02301. (4) Mrs. Linda A. Duggan, wife of the plaintiff witnessed the completion, dating, copying of the forms, and the envelope, and witnessed the plaintiff place all of the documents in the envelope, seal it, leave their condominium to walk to the US Mail collection box located adjacent to their condominium (5).

---

(1) <u>See</u> Notice of Right to File and Individual Complaint signature blocks

(2) <u>See</u> EEO Complaint of Discrimination in the Postal Service dtd 2-22-04

(3) <u>See</u> Penalty envelope dtd 2/22/03 (sic)

(4) <u>See</u> the attached affidavit of Richard W. Duggan, paragraph 8

(5) <u>See</u> the attached affidavit of Linda A. Duggan, paragraph 8

I dated the penalty envelope as the date I mailed it (6). I was on annual leave from February 8 thru Feb 15, 2004 (7). There was no mail delivery on the national Holiday of February 16, 2004. I left my residence February 17, 2004 in the morning to fly to Albany, NY , and report for duty at the Albany District for a two week period (8).

I received the EEO paperwork from Mary Ann Keefe on February 20, 2004 (9). In Ms Keefe's affidavit paragraph 9 she states I provided a copy of the envelope which was a postal "penalty" envelope without a postmark (10).

On April 14, 2004, I sent an email to Mary Ann Keefe, the USPS EOO dispute resolution specialist assigned to this case asking her where the paperwork was regarding my case. We exchanged emails (11) and on April 15, 2004, I mailed her a letter with copies of the paperwork that I had mailed her on 2-22-04, (12 ). I sent that paperwork in a penalty mail envelope dated April 15, 2004 (13 ).

---

(6)  See attached affidavit of Richard W. Duggan, Plaintiff paragraph 8

(7)  See Request for or Notification of absence

(8)  See of travel arrangements for Albany NY

(9)  See Notice of Right to File an Individual Complaint signature block

(10) See penalty envelope dtd 2-22-03 (sic)

(11) See emails between Mary Ann Keefe & Richard W. Duggan dtd 4-14-04.

(12) See letter of Richard W. Duggan 4-14-04

(13) See penalty envelope dtd 4-15-04

She stated she received it April 16, 2004 (14). Ms Keefe failed to state that I included a copy of the paperwork dtd 2-22-02. The Northeast Area District EEO Office mailed a Dismissal of Complaint dated 4-29-04 (15). In their decision letter, page 2 they stated in paragraph 1 "In your lengthy explanation concerning the events of February 22, 2004, you failed to indicate where you made a copy of the envelope on Sunday, February 22, 2004." They stated in paragraph 2 "Further, as a previous participant and agency advocate in the EEO complaint process it is not reasonable that you would have waited until April 14, 2004 to make an inquiry of the status of your formal complaint that you mailed on February 22, 2004." In paragraph 3, of the agency's decision letter, they state "You have failed to provide a sufficient explanation or evidence to waive or tool the time limit for filing your formal complaint. Consequently, your complaint is dismissed in acordance with the regulation cited above".

---

(14) See affidavit of Mary Ann Keefe paragraph 9.
(15) See USPS EEOC dismissal letter dtd 4-29-04

3

## ARGUMENT

In their decision letter, paragraph 1, page 2 (16) they stated ".......In your lengthy explanation concerning the events of February 22, 2004, you failed to indicate where you made a copy of the envelope on Sunday, February 22, 2004."

It appears that the agency has based some of its' decision on how and where I made a copy of the penalty envelope dated 2-22-04. I do not consider my letter of April 14, 2004 (17) to be lengthy at all. It is a very succint letter sent to advise the Postal Service of what actually happened.

I am not aware of any requirement to advise the agency as to how or where I make copies of any paperwork that is submitted. If that is one of the reasons for the dismissal, the court should hear the plaintiff's explanation, It is very simple. I have for some time now have installed on my home computer, a combination scanner, printer, & copier(18).
Owning and operating a printer, scanner and copier on one's home computer is not unusual.

---

(16) See  USPS EEOC Dismissal of Complaint page 2 paragraph 2

(17) See  Richard W. Duggan's letter dtd 4-14-04

(18) See  the attached affidavit of Richard W. Duggan, Plaintiff paragraph 8

4

In paragraph 2 page 2 (19) the agency gives another reason for the dismissal "Further, as a previous participant and agency advocate in the EEO complaint process it is not reasonable that you would have waited until April 14, 2004 to make an inquiry of the status of your formal complaint that you mailed on February 22, 2004." On April 29, 2004 the Agency was well aware that the last time I was a participant in the EEO process was October 16,1997(20). The cases identified in the Agency's motion for dismissal are the cases that were settled to my satisfaction on October 16, 1997. The last time I was working on any EEO case as an advocate was in March 1997. At that time I was a Labor Relations Specialist working in White River Jct, VT(21). In late March 1997 I began a detail to the Boston P&DC as an Operations Support Specialist. (22) In August 1997 I was reassigned to permanent duties as the Manager, Priority Mail Facility in South Boston,Ma (23). In July 1998 I was selected as the Manager Distribution Operations, Tour 3 at the Boston P&DC. (24).

---

(19) See  USPS EEOC Dismissal ofComplaint dtd 4-29-04 page 2 para 2

(20) See  EEO Settlement Agreement dtd October 16, 1997

(21) See  the attached affidavit of Richard W. Duggan, paragraph 9

(22) See  the attached affidavit of Richard W. Duggan, paragraph 10

(23) See  the attached affidavit of Richard W. Duggan, Plaintiff paragraph 11

(24) See  the attached affidavit of Richard W. Duggan, Plaintiff paragraph 12

The agency appears to be deliberately painting a picture that describes me as being currently knowledgeable in all areas of EEO timeliness requirements. I am not aware of, nor is there a requirement for me to be cognizant of the time limits for any administrative hearings be they EEO or MSPB. As I have not been an advocate since March 1997, and since settling the EEO cases in October 1997 I have not been involved in any EEO cases that would require me to be cognizant of time deadlines, therefore it is not reasonable to expect me to be an expert on timeliness issues.

The fact is that I did submit the prescribed forms to the Postal service on February 22, 2004 which was within the time limits, via a penalty envelope by depositing it in the local US Mail collection box located adjacent to my condominium on Oak St.(25 ). That fact is discussed in Linda A. Duggan's affidavit (26).

In paragraph 3,of the agency's decision letter, (27) they state"You have failed to provide a sufficient explanation or evidence to waive or tool the time limit for filing your formal complaint. Consequently, your complaint is dismissed in acordance with the regulation cited above".

---

(25) See attached affidavit of Richard W. Duggan, paragraph 8

(26) See attached affidavit of Linda A. Duggan paragraph 8

(27) See USPS EEOC Dismissal of Complaint dtd 4-29-04 page 2 paragraph 3

I believe the explanation (28) (29) I provided the agency was sufficient enough to accept my complaint as timely submitted, and if they had any question regarding how I made a copy of the 2-22-04 envelope, a telephone call or email would have provided them a very quick and simple answer. I do not believe that the Agency gave any consideration to the explanation I offered. In addition by stating that I was a participant in EEO cases settled in 1997, the Defendant is taking retaliatory action by using that ifnormation in attempting to pursuade the court that I did not mail the paperowrk in a timely manner. The matter of fact is that I did mail the documents in a penalty envelope on February 22, 2004. (30) (31)

## CONCLUSION

It appears that the Agency has based its decision to dismiss this case on three very simple reasons, 1. The agency believes I did not explain how I made a copy of the penalty envelope dated 2-22-04,. 2. I had participated in EEO activity as a participant and advo1te in the past, and 3. The agency believes I did not provide a sufficient explanation or evidence to waive or toll the time limit for filing a formal complaint, which I did.

---

(28) See Richard W. Duggan's letter dtd 4-14-04

(29) See attached affidavit of Richard W. Duggan, paragraph 16

(30) See attached affidavit of Richard W. Duggan paragraph 8

(31) See attached affidavit of Linda A. Duggan paragraph 8

Any question the defendant may have had regarding the penalty envelope of February 22, 2004 should have been addressed prior to the issuance of a letter of decision. I do not believe that the Agency gave any consideration to the explanation I offered, and in fact gave much consideration to prior eeo activity as an advocate for the agency and participant based on 1997 information. I believe that the court upon review of the information will find that the Plaintiff did in fact mail the EEO paperwork to the defendant on 2-22-04 and should rule against the motion to dismiss

## REQUEST FOR A HEARING

Due to the fact that the defendant is attempting to pursuade the court that the plaintiff did not mail the EEO paperwork to the agency in a timely manner, I request the court provide a hearing on this matter so that the court can take sworn testimony from the plaintiff and his wife regarding the events of 2-22-04 and the mailing of the EEO paperwork

*Richard W. Duggan* (signature)    November 24, 2004

8

CERTIFICATE OF SERVICE

I certify that the attached document (s) was (were) sent by certified mail to the Federal Court, and first class mail to the US Attorney this day to each of the following:

US District Court
Office of the Clerk
1 Courthouse Way, Suite 2300
Boston, MA 02210

<u>Defendant's Representative</u>

Mr. Chris Donato
US Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

<u>November 24, 2004</u>
(Date)

_____
Richard W. Duggan