**UNITED STATES POSTAL SERVICE**

**Notice of Right to File Individual Complaint**

| TO Name (First, MI, Last) | Re: Case No. |
|---|---|
| RICHARD W. DUGGAN | 1B-021-0014-04 |

This notice will attest to the fact that on 2/11/04 VIA FIRST CLASS MAIL, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you receive this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retained one to represent you. I am providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. Your complaint must be delivered to:

> EEO COMPLAINTS PROCESSING
> GENERAL MAIL FACILITY
> 25 DORCHESTER AVE RM 3007
> BOSTON MA 02205-9411

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals in your area. (If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint.

(3) The specific type of discrimination alleged, e.g., race - African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a, and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| MaryAnn Feefe | 2/11/04 | [signature] | 2-20-0_ |

Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested.

PS Form 2579-A, March 2001

(1)

USAir # 2295346

Use the print function of your browser to print your itinerary

**Detailed Itinerary for:** Richard Duggan
**Itinerary Name:** albany
**Trip Locator:** 2OEX2A
**Ticket Status:** Ticketed
**Ticket Number:** Electronic 0377538261578
**Trip Approval Status:** N/A
**Total Ticket Price:** 451.90 USD

## Tuesday February 17, 2004

**Flight Description:**
US Airways #481
From: (BOS) Boston Logan Int'l Airport, MA - BOS (U
To: (PHL) Philadelphia Int'l Airport, PA - PHL (U
2/17/2004 7:30am to 2/17/2004 8:59am

**Details:**
321
H Class
1:29 duration
Seat: 14-F

**Flight Description:**
US Airways #204
From: (PHL) Philadelphia Int'l Airport, PA - PHL (U
To: (ALB) Albany Intl Airport, NY - ALB (USA)
2/17/2004 9:35am to 2/17/2004 10:42am

**Details:**
733
H Class
1:07 duration
Seat: 11-D

**Car Rental Description:**
ALAMO
**Pick-Up Location:**
ALAMO
2/17/2004 10:42am
(ALB) Albany Intl Airport, NY - ALB (USA)
 Phone: 518-242-2323
         800-327-9633
**Hours of Operation:** TUE 17FEB 1201A-1215A
600A-1159P

**Rate:** USD200.00 Unlimited Rate guaranteed
**Total Rate:** USD0.00
**Drop-Off Fee:** 0.00 USD
**Car Type:** Fullsize

**Confirmation Number:** 38380011

**Drop-Off Location:**
ALAMO
2/27/2004 9:00am
(ALB) Albany Intl Airport, NY - ALB (USA)
 Phone: 518-242-2323
         800-327-9633
**Hours of Operation:** FRI 27FEB 1201A-1215A
600A-1159P

## Friday February 27, 2004

**Flight Description:**
US Airways #5037
From: (ALB) Albany Intl Airport, NY - ALB (USA)
To: (LGA) New York La Guardia Airport, NY - LGA (
2/27/2004 9:00am to 2/27/2004 10:00am
Operated By US AIRWAYS EXPRESS-COLGAN AIR

**Details:**
BE1
H Class
1:00 duration
Seat: 02-A

**Flight Description:**
US Airways #2124
From: (LGA) New York La Guardia Airport, NY - LGA (
To: (BOS) Boston Logan Int'l Airport, MA - BOS (U

**Details:**
319
H Class
1:06 duration

(F)

4-15-04

UNITED STATES POSTAL SERVICE

USPS Mary Anne Kerfo
EEO Officer 3rd Fll
25 Dorchester Ave
Boston MA 02205

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

(13)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------X
RICHARD W. DUGGAN,
      Plaintiff,

v.                                          Civil Action No. 04-11116-DPW

JOHN E. POTTER, POSTMASTER
GENERAL
      Defendant.
-------------------------------------------------------X

## DECLARATION OF MARY ANN KEEFE

I, Mary Ann Keefe, make the following declaration in lieu of an affidavit, pursuant to 28 U.S.C. § 1746:

1. This declaration is made upon my personal knowledge. I am over 21 years of age and I am competent to give this declaration in all respects.

2. I am employed by the United States Postal Service as an EEO Dispute Resolution Specialist at 25 Dorchester Ave, Boston, Massachusetts.

3. I am responsible for receiving and processing EEO complaints filed by employees and applicants for employment in the Boston District of the United States Postal Service. I also counsel EEO complainants. I also have custody and control over EEO related records.

4. I certify that the annexed records are true and correct copies and are photocopies of original records on file in said office and in my custody.

5. It is a routine practice of the Postal Service to create and/or maintain these records.

6. The said records were made in the regular course of business.

1/3
(14

7. Richard Duggan, Plaintiff, contacted the EEO office on December 10, 2003. Mr. Duggan submitted information for pre-complaint counseling on January 5, 2004. See document attached hereto as Exhibit 1. He alleged age discrimination in connection with actions taken by the Plant Manager to place him out of his MDO position and into a training detail.

8. I interviewed Mr. Duggan on January 16, 2004. Thereafter, on February 11, 2004, I mailed Mr. Duggan a letter with a Notice of Right to File a Formal Complaint with instructions for filing within 15 days. In my letter, I advised him that failure to file within the 15 day time frame could result in his complaint being dismissed as untimely. See documents attached hereto as Exhibit 2.

9. Mr. Duggan filed a formal complaint on April 16, 2004, which was 45 days beyond the deadline for filing his formal complaint. Mr. Duggan stated he had mailed the original complaint on February 22, 2004, and provided a copy of the envelope which was a postal "penalty" envelope without a postmark. See documents attached hereto as Exhibit 3.

10. The Agency dismissed Mr. Duggan's complaint on April 29, 2004 on the grounds that he had untimely filed his EEO complaint.

11. A review of postal EEO records reflects that Mr. Duggan has filed formal EEO complaints on 2 occasions in the past: June 26, 1995, and October 25, 1995.

2/3
(14)

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Boston, Massachusetts, this 18th day of October, 2004.

*Mary Ann Keefe*
Mary Ann Keefe

3

3/3
(14)

NORTHEAST AREA OFFICE


UNITED STATES
POSTAL SERVICE™

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

| | |
|---|---|
| Richard W. Duggan, ) | |
| Complainant, ) | Case No.: 1B-021-0014-04 |
| ) | |
| v. ) | Filed on April 16, 2004 |
| ) | |
| John E. Potter, ) | |
| Postmaster General, ) | |
| Respondent. ) | |

## DISMISSAL OF COMPLAINT

This is the Postal Service's final decision regarding the above-referenced complaint of discrimination. In your formal complaint, you claim discrimination based on age when on or about November 28, 2003, you received correspondence advising you that you were being placed on a training program.

Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. 1614.106(b) states that a complaint must be filed within 15 days of receipt of the Notice of Right to File a Discrimination Complaint. Section 1614.604(b) states a document shall be deemed timely if it is delivered in person or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period. Further, Section 1614.107(a)(2) of the Commission's regulations states that the agency shall dismiss a complaint that fails to comply with the applicable time limits contained in Section 1614.106.

A review of the complaint file indicates that a Notice of Right to File an Individual Complaint was mailed to you at your mailing address of record, via First-Class Mail, on February 11, 2004. You were advised in said mailing that it would be presumed that the mailing was received within five (5) calendar days after it was mailed. Thus, you had until Tuesday, March 2, 2004, to file your formal complaint. Your formal complaint, however, was received in the Boston District EEO Dispute Resolution Office in a penalty envelope, absent an official postmark, on April 16, 2004, which is forty-five (45) days beyond the eligible filing period.

1/3

(15)

6 GRIFFIN RD N
WINDSOR CT 06006-7000

Page 2

The Commission's regulations governing the computation of time limits allow for waiver and/or equitable tolling, 29 C.F.R. 1614.604(c). When you filed your formal complaint, you provided a copy of a U. S. Postal Service penalty envelope which you state you mailed your original complaint in on Sunday, February 22, 2004. In the upper left-hand corner of the envelope, you dated it "2/22/03". In your lengthy explanation concerning the events of February 22, 2004, you failed to indicate where you made a copy of the envelope on Sunday, February 22, 2004.

Further, as a previous participant and agency advocate in the EEO complaint process, it is not reasonable that you would have waited until April 14, 2004 to make an inquiry of the status of your formal complaint that you mailed on February 22, 2004.

You have failed to provide a sufficient explanation or evidence to waive or toll the time limit for filing your formal complaint. Consequently, your complaint is dismissed in accordance with the regulations cited above.

## APPEAL RIGHTS

### APPEAL TO THE EEOC

You have the right to appeal the Postal Service's final decision to the **Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848**, within thirty (30) calendar days of the date of your receipt of this decision. You must submit any statement or brief in support of that appeal within thirty (30) days of the date of the appeal. You must use PS Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Further, be advised that if you file your appeal beyond the thirty (30) day period, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. You must provide the Postal Service with a copy of your appeal and any supporting statement or brief, and must be submitted to the **Appeals Processing Center, USPS, 6 Griffin Road North, Windsor, CT 06006-7052**.

### RIGHT TO FILE A CIVIL ACTION

Alternatively, you have the right to file a civil action in an appropriate U.S. District Court, within 90 calendar days of the date of your receipt of the Postal Service's final agency decision, within ninety (90) calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing of an appeal with the EEOC if no final decision has



Page 3

been rendered.  Should you choose to file a civil action, your filing should be styled **(Your Name) v. John E. Potter, Postmaster General.** If you do not have or cannot afford an attorney, you may request that the court appoint an attorney to represent you and that the court permit you to file the civil action without the payment of fees, costs or other security. Whether these requests are granted or denied is within the sole discretion of the District Judge.  These requests must also be filed within the same ninety-day time period for filing the civil action.

*[signature]*
Robert S. Hylen
Manager, EEO Compliance and Appeals
Appeals Processing Center
6 Griffin Road North
Windsor CT  06006-7052

Date: April 29, 2004

Enclosures/PS Form 3573/Certificate of Service
       EEO Dispute Resolution Specialist's Inquiry Report

3/3
(15)

U.S. Postal Service

# EEO Settlement Agreement

Internal Case No.
4B-010-1093-95
4B-010-1030-95

I, Richard W. Duggan - SSN: 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, do hereby voluntarily withdraw my EEO Complaint based on the stipulation(s) that:

*[handwritten margin: pby payment of]*

The complainant, Richard W. Duggan will withdraw the above cited complaints. *[pby]* In settlement of these cases the complainant shall receive a ~~sum equal to~~ *Lump Sum* $1,500.00. Payment of the agreed upon sum will be within 90 days.

This settlement shall remain confidential and may be discussed only with appropriate authorities with a business need to know.

I fully understand that by agreeing to this settlement, I waive my rights to any further appeal of my allegation(s) through the EEO process. I further state that this agreement did not result from harassment, threats, coercion or intimidation.

I am fully aware that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process is binding on both parties. Should I believe the Postal Service has failed to adhere to the stipulations contained in this agreement for any reason not attributable to my acts or conduct, I must notify the EEO Compliance and Appeals Coordinator located in my area, in writing, of the alleged noncompliance within 30 calendar days of the alleged noncompliance. (Employees at Postal Service Headquarters or Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.) I may include in my statement of noncompliance a request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. The Postal Service will respond to my request in accordance with 29 C.F.R. §1614.504.

**Privacy Act Notice / USPS Standards of Conduct**

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Complainant | Date |
|---|---|
| *[signed] Richard W. Duggan* | 10-16-97 |

Management agrees to the aforementioned stipulation solely in an effort to resolve the complainant's allegation(s), and this agreement should not be construed as an admission of discrimination or wrongdoing on the part of any official of the U.S. Postal Service.

| Signature of Management Representative | Date |
|---|---|
| *[signed] Peter H. Gillespie* | October 16, 1997 |
| Print Name of Management Representative | Title of Management Representative |
| Peter H. Gillespie | Labor Relations Specialist |

TransFORM PS Form 2565-B, December 1995

(20)