UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


_____
                                )
RICHARD W. DUGGAN,              )
     Plaintiff,                 )
                                )
v.                              )    Civil Action No. 04-11116-DPW
                                )
JOHN POTTER, POSTMASTER         )
GENERAL, ET AL,                 )
     Defendants.                )
_____)

              **DEFENDANTS' ANSWER TO THE COMPLAINT**

     1.   On November 25, 2003, Frank Neri, Lead Plant Manager, Boston P&DC U.S. Postal Service took action in discriminating against me by assigning me to an EAS 17 training program in the guise of giving me the ability to improve my performance, and either choosing the MDO training program or take a downgrade which I did not request.

**RESPONSE:**

     The defendants deny the allegations the foregoing allegations of the complaint.

     2.   As part of my assignment, he required me to write a weekly letter to him advising him of my assignment and in addition he required me to have a monthly meeting with him, the date and time which suited him, regardless of my work hours.

**RESPONSE:**

     The defendants admit that Neri required the plaintiff to send him a status report and to meet with him on a regular basis. The defendants deny the remaining allegations of the complaint.

     3.   <u>History</u>:  On October 29, 2003, the Lead Plant Manager, Frank Neri, of the Boston P&DC, U.S. Postal Service called me into his office to discuss the events of October 28, 2003, (electrical fire in the building and ensuing actions).

**RESPONSE:**

     The defendants admit the foregoing allegations of the complaint.

    4.    Upon entering I noticed he was in a very angry mood.

**RESPONSE:**

    The defendants deny the foregoing allegations of the Complaint.

    5.    He did not advise me this was a pre-disciplinary investigation, nor did he advise me that I was entitled to a representative.

**RESPONSE:**

    The defendants deny that the meeting was a pre-disciplinary investigation, and therefore admit that he did not advise the plaintiff that he was entitled to have a representative present.

    6.    We had a very brief discussion regarding the operational events of October 28, 2003.

**RESPONSE:**

    The defendants admit the foregoing allegation that there was a discussion regarding the events of October 28, 2003, but deny the allegation regarding brevity of the discussion.

    7.    He stated he had lost all confidence in my ability to manage tour 3 and was assigning me to a detail in In-Plant Support effective the next morning.

**RESPONSE:**

    The defendants deny that the foregoing allegations reflect the entire conversation on that date.  The defendants aver that during the conversation, Neri told the plaintiff that he had lost confidence in his management of his tour, and assigned him to In-Plant Support effective the next morning.

    8.    At approximately 3:00 p.m., the acting plant manager, Gary Fahey came to my office on the 2nd floor and presented [sic] with a letter advising me that I was to report to In-Plant Support for a temporary work assignment.  The letter was signed by Frank Neri.

**RESPONSE:**

    The defendants admit the foregoing allegations of the

complaint.

9. On October 31, 2003, the acting Plant Manager Gary Fahey presented me with a memorandum advising me that I will continue to report my to my detail ". . . until such time that an investigation is completed relative to a mail matter you were involved in on tour 3 on or about October 27, 2003" [sic].

**RESPONSE:**

The defendants admit the foregoing allegations of the complaint.

10. During this time I was assigned work that was being done by an EAS-16 & 11.

**RESPONSE:**

The defendants currently lack knowledge or information sufficient to form a belief as to the truth of the foregoing allegations of the complaint, and they are therefore denied.

11. The work was looking at the Parcel Select Operation and scanning problems at the PPA.

**RESPONSE:**

The defendants currently lack knowledge or information sufficient to form a belief as to the truth of the foregoing allegations of the complaint, and they are therefore denied.

12. During this time, I was not managing or supervising any employee or other Manager.

**RESPONSE:**

The defendants currently lack knowledge or information sufficient to form a belief as to the truth of the foregoing allegations of the complaint, and they are therefore denied.

13. On November 7, 2003, acting Plant Manager, Gary Fahey called me into his office and conducted an interview regarding the events of October 28, 2003.

**RESPONSE:**

The defendants admit the foregoing allegations of the

Complaint.

    14. He did not advise me that this was a pre-disciplinary interview nor did he advise me of my right to a representative.

**RESPONSE:**

    The defendants deny that the meeting was a pre-disciplinary interview, and admit that Fahey did not offer him a representative.

    15. He asked several questions regarding the operations after the fire and specifically about sending hampers of collection mail to Middlesex Central, Brockton and Northwest Boston P&DC facilities.

**RESPONSE:**

    The defendants admit the foregoing allegations of the complaint.

    16. He also conducted interviews with several of my subordinate managers.

**RESPONSE:**

    The defendants admit the foregoing allegations of the complaint.

    17. He stated that I would receive a copy of his investigation report.

**RESPONSE:**

    The defendants currently lack knowledge or information sufficient to form a belief as to the truth of the foregoing allegations of the complaint, and they are therefore denied.

    18. To date, I have not received a copy of that report.

**RESPONSE:**

    The defendants currently lack knowledge or information sufficient to form a belief as to the truth of the foregoing allegations of the complaint, and they are therefore denied.

    19. In addition, in spite of my requests both verbally and

in writing to Frank Neri, he has steadfastly refused to provide any documentation, notes, or other records that he used in his decision to remove me from my position as Manager of Distribution Operations (EAS-24).

**RESPONSE:**

   The defendants deny the foregoing allegations of the complaint.

   20.   He has not identified any operational issues, or other issues that would cause him to remove me from my position and assign me to the MDO development program.

**RESPONSE:**

   The defendants deny the foregoing allegations of the complaint.

   21.   Frank Neri replaced me with Gary Fahey, a manager who is several years my junior in age, and has since posted for a one year detail, and selected a female who has little or no experience in the mail processing, tour 3 General Mail Facility operations.

**RESPONSE:**

   The defendants aver that for a period of time, Neri assigned Gary Fahey, who is younger than the plaintiff, to act as the tour 3 manager (MDO), and Neri also selected a female with extensive mail processing experience to the alleged one year detail as MDO. The defendants deny the remaining allegations of the foregoing paragraph.

   22.   His actions constituted the creation of a hostile work environment by harassing me and causing me to suffer great embarrassment in front of my peers, junior managers, supervisors and the union represented work force.

**RESPONSE:**

   The defendants deny the foregoing allegations of the complaint.

   23.   He has taken discriminatory actions because of my age. It is my most sincere belief that Frank Neri has taken this

action to coerce me into retiring.

**RESPONSE:**

    The defendants deny the foregoing allegations of the complaint.

### AFFIRMATIVE DEFENSES

1. John Potter, Postmaster General of the United States Postal Service, is the only proper party defendant to this action.

2. The Court lacks jurisdiction to hear this matter where the plaintiff has failed to timely exhaust his administrative remedies.

3. The plaintiff fails to state a claim upon which relief can be granted.

4. The defendants' action were taken for legitimate, non-discriminatory reasons.

5. The plaintiff has failed to mitigate his alleged damages.

6. The plaintiff may not recover punitive damages in this action.

7. The plaintiff may not recover compensatory damages in this action.

8. The plaintiff is not entitled to a trial by jury in this action.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

Dated: January 28, 2005   By:   /s/ Christopher R. Donato
    CHRISTOPHER R. DONATO
    Assistant U.S. Attorney
    John Joseph Moakley Courthouse
    One Courthouse Way, Suite 9200
    Boston, Massachusetts 02210
    (617) 748-3100

**CERTIFICATE OF SERVICE**

    I certify that on this day a true copy of the defendants' Answer was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Richard W. Duggan
103 Oak Lane #6
Brockton, MA 02301


Dated: January 28, 2005        <u>/S/ Christopher R. Donato</u>
                                       Christopher R. Donato
                                       Assistant U.S. Attorney