# United States District Court

District of Massachusetts

```
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                )
RICHARD W. DUGGAN,              )
     Plaintiff,                 )
                                )
v.                              )    Civil Action No. 04-11116-DPW
                                )
JOHN POTTER, POSTMASTER         )
GENERAL, ET AL,                 )
     Defendants                 )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )
```

## Plaintiff's Request for Motion to Compel

The Plaintiff mailed via certified mail to the Defendant's attorney three sets of Interrogatories and Request for Production of documents as identified in the enclosed copies of interrogatories and request for production of documents. The defendant provided his initial response to the first set of interrogatories and request for production of documents response on April 14, 2005 and a supplemental response on June 1, 2005, copy of the defendant's supplemental response is attached. The Defendant failed to respond to the following interrogatories and request for production of documents.

Plaintiff's first set of interrogatories and production of documents

Pg 3 initial response dtd April 14, 2005. Interrogatory # 2. Defendant identified all issues regarding Mr. Neri's decision to remove Plaintiff from his position and assign him to training program, however; during Mr. Neri's deposition on June 16, 2005 Mr. Neri stated that there were additional issues. The defendant has failed to identify all reasons for the plaintiff's removal from his position and assignment to a training program as required and has failed to produce all documents as identified in the first request for production of documents.

Request for production of documents #1.

  The defendant has failed to provide all copies of information relating to those issues identified in the plaintiffs request identified as #2 in the request for production of documents. They have failed to produce any information relating to the names of employees referred to by Mr. Neri as well as any documents that the agency has in its possession regarding the document identified as 0069 in the defendants response to include all memos regarding the employee in question, and all other documents including the response to OSHA regarding an investigation to allegations identified in an OSHA ltr

dtd 78/11/03. They have also refused to produce a copy of that letter. They have failed to provide documents regarding the issue identified as 0071 & 0072 in the defendant's response to include all memos.

The defendant requested that a copy of any documents be placed on a CD. The defendant has refused to provide the requested information. See Defendants response # 2, 3, 4 & 8 of the supplemental response. The defendant provided a copy of memos for the record identified as # 0011, 0012, 1103 & 0014. There is sufficient information, as supplied by Mr. Neri in his deposition question to believe that Mr. Neri did not type these documents on the date indicated on the memo. A copy of the deposition will be provided when received from the court reporter.

Request for production of documents #7. The defendant has failed to produce any documents identifying any need for improvement in the plaintiff's area of responsibility.

Request for production of documents # 11. The defendant has failed to produce this document. They have only provided the information for EAS personnel identified as # 0087, 0088, & 0089 of the defendants response.

The defendant failed to respond to the Plaintiff's second set of interrogatories and request fro production of documents dated May 12, 2005 and the Plaintiff's third request for production of documents dated May 19, 2005.

The Plaintiff hereby requests that the court compel the defendant to produce the information requested. All of the information requested may lead to evidence of age discrimination.

The defendant failed to respond to the plaintiff's request for depositions in that Mr. Neri was not made available on May 31, 2005. His absence required a second date for depositions. The Plaintiff requests the defendant pay the cost of attendance, one hundred twenty five dollars ($125.00) for the second day of depositions required due to Mr. Neri's absence on the first day. See enclosed emails

Request for Sanctions

The plaintiff requests that the defendant be prohibited from including any additional testimony or information at trial that was not included in the defendant's responses to the plaintiff's interrogatories and request for production of documents.

Richard W. Duggan
Plaintiff

Dated: July 1, 2005

## CERTIFICATE OF SERVICE

I certify that on this day a true copy of the plaintiff's motion to compel and request for sanctions was served by first class mail, postage prepaid, upon the Government's representative and the court at the following address:

Christopher Donato
Assistant U. S Attorney
U. S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

U.S. District Court
Clerk of Court
J.J. Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Dated:    July 1, 2005

Richard W. Duggan
Plaintiff

United States of America

District of Massachusetts

|  |  |
|---|---|
| RICHARD W. DUGGAN,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 04-11116-DPW |
| JOHN POTTER, POSTMASTER<br>GENERAL, ET AL,<br>    Defendants | )<br>)<br>)<br>) |

Plaintiff's Interrogatories and Request for Production of Documents

The Plaintiff herewith serves upon the Government, the following interrogatories and
request for production of documents pursuant to local rule 26 and Fed. R. Civ. P 26.
You are required to answer these interrogatories separately and fully in writing, under
oath, and to serve a copy of your answers to the plaintiff within 30 days after service.

Definitions and Instructions

A.      Terms in the singular include the plural, and terms in the plural include the
singular.

Terms in the masculine gender include the feminine, and terms in the feminine gender

include the masculine.

B.  "You" or "Your" refers to the government, his/her agents, and representatives.

Where knowledge, information, or documents in your custody, control, or possession are

 requested or referred to, such requests or reference includes knowledge, information, or

documents in your custody, control, or possession of you and your agents and

1

representatives.

C. "Document(s)" means the original, all non-identical copies, and drafts or writings of any kind including, bur not limited to, correspondence, memoranda, reports, minutes, pamphlets, notes, letters, telegrams, e-mail, messages (including reports, notes, memoranda of telephone conversations and conferences), calendars and diary entries, records, data and compilations. All attachments or enclosures to a document are deemed to be part of the document. In addition to the printed copy, provide a copy of all such documents on a CD.

D. "Any" includes the word "all", and "all" includes the word "each".

E. "Each" includes the word "every", and "every" includes the word "each".

F. "Identify" with respect to a person means to give the name and last known address and telephone number of such person, as well as the name, address, and telephone number of the last known place where such person is or was employed or headquartered, his job position and level. Also, "specify", "identify", or "describe", in addition to any meaning given within an interrogatory, when used in reference to:

a. A firm, partnership, or corporation, proprietorship, association, or other organization entity shall mean to state its full name, present, or last know address and telephone number (designating which), and the legal form of such entity or organization.

b. An oral communication shall mean to state the identity of individuals who were parties to the communication, the identity of all individuals who were in the presence of

2

individuals who were parties to the communication, and the substance of what was said by all individuals in connection with the communication.

G. "Identify" with respect to documents to reports, or exhibits means to state the authors or other creators, addresses, persons copied, date, subject matter, and character (e.g., letters, memorandums, chart) and refers to all documents, reports, or exhibits within your possession, custody, or control, or within the possession, custody, or control of any other persons or organizations on which you rely.

H. to "describe" means to present a complete and detailed statement concerning the event condition, of thing to be described, providing dates, duration, distances, frequency, and the size as appropriate.

I. "Date" shall mean the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation, including the relationships to other events.

J. In answering the following interrogatories, please restate the interrogatory and then state your answer to that Interrogatory, in the order set forth.

## INTERROGATORRIES

1. Identify all individuals that Frank Neri had oral, written, and or email communications with regarding the Plaintiff during the period June 1, 2003 thru April 30, 2004, and describe those conversations.

2. Identify the specific reason that the Plaintiff was detailed from his position as the Manager Distribution Operations tour 3 to the MDO development training program in

3

November 2003.

3. Identify the reason for the Plaintiff's detail from the Manager Distribution Operations tour 3 to Operations Support in October 2003.

4. Identify all individuals that were involved with the decision to detail the Plaintiff from the Manager Distribution Operations tour 3 to Operations Support in October 2003, and the MDO development program in October and November 2003.

5. Identify the date that Frank Neri provided all written information relating to the Plaintiff's detail from his position as Manager Distribution Operations tour 3 to Operations Support and the MDO development program.

6. Identify the specific areas or needed improvement in the Plaintiffs performance as of the end of FY 2003, and on October 29, 2003.

7. Identify all individuals who were in charge of the building during the fire on October 28, 2003.

8. Identify all PCES individuals who were present on October 28, 2003 during the fire in the building.

9. Identify the individual who contacted the Northeast Area on October 28, 2003 to provide notification of the fire.

10. Identify all individuals in the Boston District who traveled during the period November 1, 2003 thru April 30, 2004.

11. Identify all individuals, including age of individual, in the Boston District who

4

received an award in Fiscal Years 2002, 2003 & 2004.

12. Describe all communications between the Plaintiff and Frank Neri regarding the
Plaintiff's performance related issues.

13. Describe all communications between Frank Neri and the Plaintiff regarding the
Plaintiff's retirement.

14. Describe all communications between Frank Neri and the Plaintiff regarding the
Plaintiff's eligibility for retirement.

## Request for Production of Documents

1. Provide a copy of all documents regarding Frank Neri's communications with any
Individual regarding the Plaintiff during the period June 1, 2003 thru April 30, 2004,
and the nature of those conversations. In addition, provide a CD copy of the electronic
files. Identify who provided this information.

2. Provide a copy of all documents regarding the assignment of the Plaintiff to the MDO
development training program in November 2003. In addition, provide a CD copy of the
electronic files. Identify who provided this information.

3. Provide a copy of all documents regarding the Plaintiff's removal as Manager
Distribution Operations tour 3 and detail to Operations Support in October 2003.   In
addition, provide a CD copy of the electronic files. Identify who provided this
information.

4. Provide a copy of all documents from all individuals that were involved with the decision to remove the Plaintiff from the Manager Distribution Operations on tour 3 in October 2003, and assignment to the MDO development program in November 2003. In addition, provide a CD copy of the electronic files.   Identify who provided this information.

5. Provide a copy of all documents relating to the assignment of all EAS employees in the Boston District to the MDO development training program for the periods FY2002, 2003 & 2004.  Identify who provided this information.

6. Provide a copy of the Plaintiff's performance evaluation for the periods FY 2002, 2003, & 2004.  Identify who provided this information.

7. Provide a copy of documents identifying any needed improvement pertaining to the Plaintiff's performance for FY 2002, 2003 & 2004.  In addition, provide a CD copy of the electronic files.  Identify who provided this information.

8. Provide a copy of all documents regarding the fire of October 28, 2003 in the Postal Facility located at 25 Dorchester Ave, Boston, MA 02205.   In addition, provide a CD copy of the electronic files. Identify who provided this information.

9. Provide all documents regarding the notification to the Northeast Area Vice President pertaining to the fire on October 28, 2003.  Identify who provided this information.

10. Provide copies of all quarterly EXFC performance reports for the period June 1-

6

October 30 for FY 2002, 2003, & 2004. Identify who provided this information.

11. Provide copies of all reports for the period June 1-October 30 for FY 02, 03 & 04 identifying the utilization of work hours, overtime, LWOP, sick leave, annual leave, FMLA SL, FMLA AL, FMLA LWOP. Identify who provided this information.

12. Provide a copy of all documents regarding the travel and payment of all travel expenses for individuals identified in interrogatory #10. Please black out social security number and/or employee identification numbers. Identify who provided this information.

13. Provide a copy of all Boston District and Boston P&DC travel regulations, policies, or other instructions pertaining to the submission of travel requests, approval of travel, and payment of travel expenses.

14. Provide a copy of Postal Regulations, policies or other instructions pertaining to the submission of travel requests, approval of travel, and payment of travel expenses.

15. Provide a copy of all awards to those individuals identified in interrogatory #11.

16. Provide a copy of all disciplinary action documents issued to the Plaintiff. In addition, provide a CD copy of the electronic files.

Richard W. Duggan, Plaintiff          February 28, 2005
103 Oak Lane #6
Brockton, MA 02301
508 857 3792

7

CERTIFICATE OF SERVICE

I certify that on this day a true copy of the Plaintiff's Interrogatories and Request for

Production of Documents was served by first class mail, certified #

postage prepaid, upon the Government's representative at the following address:

Christopher Donato
Assistant U. S Attorney
U. S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated:   February 28, 2005

Richard W. Duggan
Plaintiff

# United States District Court

## District of Massachusetts

```
_____
                               )
RICHARD W. DUGGAN,             )
     Plaintiff,                )
                               )
v.                             )    Civil Action No. 04-11116-DPW
                               )
JOHN POTTER, POSTMASTER        )
GENERAL, ET AL,                )
     Defendants                )
_____  )
```

**Plaintiff's Second set of Interrogatories and Request for Production of Documents**

Pursuant to Fed. R. Civ. P. 26 and 34, the plaintiff hereby serves upon the defendant the following interrogatorries and request for production of Docutments to be answered by the defendant under oath,  The answers to the Interrogatorries and Request for Production of Documents  should be served upon the plaintiff at 103 Oak Lane #6, Brockton, MA 02301,on or before thirty (30) days after service upon the defendant's representative.

# Definitions and Instructions

A.      Terms in the singular include the plural, and terms in the plural include the singular. Terms in the masculine gender include the feminine, and terms in the feminine gender include the masculine.

B.      "You" or "Your" refers to the government, his/her agents, and representatives. Where knowledge, information, or documents in your custody, control, or possession are requested or referred to, such requests or reference includes knowledge, information, or documents in your custody, control, or possession of you and your agents and

C. "Document(s)" means the original, all non-identical copies, and drafts or writings of any kind including, bur not limited to, correspondence, memoranda, reports, minutes, pamphlets, notes, letters, telegrams, e-mail, messages (including reports, notes, memoranda of telephone conversations and conferences), calendars and diary entries, records, data and compilations. All attachments or enclosures to a document are deemed to be part of the document. In addition to the printed copy, provide a  copy of all such documents on a CD.

D. "Any" includes the word "all", and "all" includes the word "each".

E. "Each" includes the word "every", and "every" includes the word "each".

F. "Identify" with respect to a person means to give the name and last known address and telephone number of such person, as well as the name, address, and telephone number of the last known place where such person is or was employed or headquartered, his job position and level. Also, "specify", "identify", or "describe", in addition to any meaning given within an interrogatory, when used in reference to:

a. A firm, partnership, or corporation, proprietorship, association, or other organization entity shall mean to state its full name, present, or last know address and telephone number (designating which), and the legal form of such entity or organization.

b. An oral communication shall mean to state the identity of individuals who were parties to the communication, the identity of all individuals who were in the presence of

individuals who were parties to the communication, and the substance of what was said by all individuals in connection with the communication.

G. "Identify" with respect to documents to reports, or exhibits means to state the authors or other creators, addresses, persons copied, date, subject matter, and character (e.g., letters, memorandums, chart) and refers to all documents, reports, or exhibits within your possession, custody, or control, or within the possession, custody, or control of any other persons or organizations on which you rely.

H. to "describe" means to present a complete and detailed statement concerning the event condition, of thing to be described, providing dates, duration, distances, frequency, and the size as appropriate.

I. "Date" shall mean the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation, including the relationships to other events.

J. In answering the following interrogatories, please restate the interrogatory and then state your answer to that Interrogatory, in the order set forth.

### Plaintiff's Second Set of Interrogatories

1. Identify all of the employees mentioned in the second paragraph (2nd) of the November 12, 2003 memo identified as #0014.

2. Identify the dates that Mr. Neri refers to in the fifth (5th) paragraph of the November 12, 2003 memo, identified as #0014, when he refers to walking the floor with Mr. Duggan.

3. Identify the manager that Mr. Neri refers to in the fifth (5th) paragraph of the

floor with Mr. Duggan.

4. Identify why the email identified as #0071 & 0072 came to be generated by the
originator on November 04, 2003.

5. Identify why the email identified as #0071 & 0072 came to be generated by Ron
Fredey on November 14, 2003.

6. Identify the specific issues that Mr. Neri refers to when he wrote in paragraph 2
" .... as a result of my observations of your decisions, performance, and behavior.
You have made operational decisions without calculating the need or impact."
You have demonstrated that your knowledge of mail processing is lacking.  You
have continued to propogate a confrontational environment in your area of responsibility.
 You have also chosen to misinform, or not inform me of significant issues when they
have arisen."  as contained in his memo dtd 11-25-03 identified as #0019.

7. Identify the dates/s that Norma Suoto met with Tour 3 MDOs as alluded to in her
email dtd November 2, 2003. identified in #0071.

8. Identify the date/s and the reason/s that Norma Suoto met or had or any
communication with Mr. Duggan as the Tour 3 SMDO.

9. Identify Norma Suoto's exact reasoning for her comments contained in her email of
November 5, 2003 in identifying behaviors of MDOs on tour 3.

10. Identify all managers who were in the Medical Unit as identifed by Donna Smyth in
her November 4, 2003 email to Betty Ann Cohen, MD. identifed as #0071 & 0072.

11. Identify all managers on tour 3 who were involved with any issue identified by
Donna Smyth in her email of November 4, 2003. idenitifed as #0071 & 0072.

12. Identify all other similiar incidents in which Donna Smyth's refers to in her email

dated November 4, 2003. identifed as #0071 & 0072.

13. Identify the employee referred to in the APWU letter dated July 7, 2003 when he refers to tour 3 MDO Duggan. identified as #0069 & 0070.

## Request for Production of Documents

1. Provide copies of all documents received by Frank Neri Plant Manager Boston , Charles Lynch, Boston District Manger, and/or Marsh Cannon, Postmaster Boston from the APWU for the years 2002, 2003, and 2004.

2. Provide copies of all documents regarding interrogatory #1.

3. Provide copies of all documents regrarding interroghatory #2.

4. Provide copies of all documents regarding interrogatorries # 4 & 5.

5. Provide copies of all documents regarding interogatory #6.

6. Provide copies of all documents regarding interrogatory # 7.

7. Provide copies of all documents regarding interrogatory # 8 & 9.

8. Provide copies of all documents regarding interrogatory #10, 11 & 12.

9. Provide copies of all Boston P&DC mail processing tour MDO schedules for all holiday periods in 2002, 2003, and 2004.

10. Provide copies of Boston P&DC mail processing tour 1, 2, & 3 MDO schedule for the periods June, July & August, 2002, 2003, & 2004.

11. Provide a CD containing files of all documents referred to in the Defendant's response to the Plaintiff's first set of interrogatories and request for production of documents.

12. Provide a CD containing files of all documents referred to in the Defendant's response to the Plaintiff's second set of interrogatories and request for production

of documents

Submitted,

*[signature]*

Richard W. Duggan
Plaintiff
103 Oak Lane #6
Brockton, MA 02301
508 857 3792

May  12, 2005

## Certificate Of Service

I certify that on this day a true copy of the plaintiff's second set of interrogatories and request of production of documents was served by first class mail, postage prepaid, upon the defendant's representative at the following address:

Chris Donato
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way Suite 9200
Boston, Ma 02201

Dated May 12, 2005

*[signature]*

Richard W. Duggan, Plaintiff

# United States District Court

District of Massachusetts

```
                                  )
RICHARD W. DUGGAN,                )
     Plaintiff,                   )
                                  )
v.                                )   Civil Action No. 04-11116-DPW
                                  )
JOHN POTTER, POSTMASTER           )
GENERAL, ET AL,                   )
     Defendants                   )
                                  )
```

## *Plaintiff's 3ʳᵈ Request for Production of Documents*

The Plaintiff herewith serves upon the Government, the following request for production of documents pursuant to local rule 26 and Fed. R. Civ. P 26.

You are required to provide this information, under oath, and to serve a copy of the documents to the plaintiff within 30 days after service.

# Definitions and Instructions

A. Terms in the singular include the plural, and terms in the plural include the singular.

Terms in the masculine gender include the feminine, and terms in the feminine gender

include the masculine.

B. "You" or "Your" refers to the government, his/her agents, and representatives.

Where knowledge, information, or documents in your custody, control, or possession are

requested or referred to, such requests or reference includes knowledge, information, or

documents in your custody, control, or possession of you and your agents and

representatives.

C. "Document(s)" means the original, all non-identical copies, and drafts or writings of

any kind including, bur not limited to, correspondence, memoranda, reports, minutes,

1

pamphlets, notes, letters, telegrams, e-mail, messages (including reports, notes, memoranda of telephone conversations and conferences), calendars and diary entries, records, data and compilations. All attachments or enclosures to a document are deemed to be part of the document. In addition to the printed copy, provide a copy of all such documents on a CD.

D. "Any" includes the word "all", and "all" includes the word "each".

E. "Each" includes the word "every", and "every" includes the word "each".

F. "Identify" with respect to a person means to give the name and last known address and telephone number of such person, as well as the name, address, and telephone number of the last known place where such person is or was employed or headquartered, his job position and level. Also, "specify", "identify", or "describe", in addition to any meaning given within an interrogatory, when used in reference to:

a. A firm, partnership, or corporation, proprietorship, association, or other organization entity shall mean to state its full name, present, or last know address and telephone number (designating which), and the legal form of such entity or organization.

b. An oral communication shall mean to state the identity of individuals who were parties to the communication, the identity of all individuals who were in the presence of individuals who were parties to the communication, and the substance of what was said by all individuals in connection with the communication.

2

G. "Identify" with respect to documents to reports, or exhibits means to state the authors
or other creators, addresses, persons copied, date, subject matter, and character (e.g.,
letters, memorandums, chart) and refers to all documents, reports, or exhibits within your
possession, custody, or control, or within the possession, custody, or control of any other
persons or organizations on which you rely.

H. to "describe" means to present a complete and detailed statement concerning the
event condition, of thing to be described, providing dates, duration, distances, frequency,
and the size as appropriate.

I. "Date" shall mean the exact day, month, and year, if ascertainable, or if not
ascertainable, the best approximation, including the relationships to other events.

J. In answering the following interrogatories, please restate the interrogatory and then
state your answer to that Interrogatory, in the order set forth.

Request for production of documents.

1. Provide a copy of the End of Run Report (EOR) for Boston P&DC tour 3 for August
28 & 29, 2003.

2. Provide a copy of the End of Run Report (EOR) for Boston P&DC Tour 1 for August
28, 29 & 30, 2003

3. Provide a copy of the attendance call in sheet for Boston P&DC tour 1 for August 28,
29 & 30, 2003.

5-19-05

Richard W. Duggan, Plaintiff
103 Oak Lane #6

3

Brockton, MA 02301

508 857 3792

CERTIFICATE OF SERVICE

I certify that on this day a true copy of the Plaintiff's 3rd Request for Production of

Documents was served by first class mail, postage prepaid, upon the Government's

representative at the following address:

Christopher Donato
Assistant U. S Attorney
U. S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated:    May 19, 2005

Richard W. Duggan
Plaintiff



4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
RICHARD W. DUGGAN,            )
      Plaintiff,              )
                              )
v.                            )        Civil Action No. 04-11116-DPW
                              )
JOHN POTTER, POSTMASTER       )
GENERAL, ET AL,               )
      Defendants.             )
                              )
```

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

INTERROGATORIES

1.   Identify all individuals that Frank Neri had oral, written,
and or email communications with regarding the Plaintiff during
the period June 1,2003 thru April 30, 2004, and describe those
conversations.

**OBJECTION:**  Defendant objects to this interrogatory to the extent
it seeks attorney-client communications or attorney work product
and on the grounds that it is overly broad, and is not reasonably
calculated to lead to the discovery of admissible evidence.
Furthermore, it is not possible to recall every conversation held
regarding Plaintiff.

**RESPONSE:**  Notwithstanding the objection, in addition to
Plaintiff, Plant Manager Frank Neri communicated with Gary Fahey,
Manager Human Resources Ronald Fredey, Manager Labor Relations
Dennis Shea, In-Plant Support Manager Mary Anne Bosari, District
Manager Charles Lynch, North Reading Plant Manager Linda Papa,
SENE Plant Manager Bernie MacNamara, Connecticut Plant Manager
Gerry Ahern, Lead Plant Manager Springfield District.  Mr. Neri
spoke with Gary Fahey about running Tour 3 while Plaintiff was
receiving training, and investigating Plaintiff's actions on
October 28, 2003.  He spoke with Mary Anne Bosari regarding
Plaintiff reporting to In-Plant Support after October 28, 2003.
Mr. Neri spoke with Charles Lynch to inform him of his actions
regarding Plaintiff.  He spoke with the Plant Managers of the
locations where Plaintiff was going for training in order to
request use of their facility for training.  Also, see EEO case
file 1B-021-0014-04 and documents produced in response to Request
For Production number 1 and 2.

**SUPPLEMENTAL RESPONSE:**

**Mr. Neri was in contact with Gen DiFiore, the former Albany Sr. Plant Manager (now retired). This took place prior to Plaintiff going there as part of his training plan. To the best of Mr. Neri's recollection, Plaintiff was in Albany to cover the Safety Function training.**

**Mr. Neri may or may not have spoken to Gerry Ahern, District Manager or Sr. Plant Mgr, CT District regarding Plaintiff 's training.**

10.    Identify all individuals in the Boston District who traveled during the period November 1, 2003 thru April 30, 2004.

**OBJECTION:**  Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome, vague, and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

**Defendant maintains the objection.**

11.    Identify all individuals, including age of individual, in the Boston District who received an award in Fiscal Years 2002, 2003 & 2004.

**OBJECTION:**  Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome, vague, and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

**Individuals in similar EAS level or MDO positions as Plaintiff who received awards in fiscal years 2002 and 2003 are as follows:**

**Patrick Ring, Manager Marketing, current age 51, 3 awards in 2002**

**Marsha Cannon, Postmaster Boston, current age 57, 2 awards in 2002**

**Ronald Fredey, Manager Human Resources, age 54, 1 award in 2002**

**John Lespasio Jr., Plant Manager, age 48, 1 award in 2002 and 1**

2

*award in 2003*

*William Nickles, Manager Finance, age 53, 1 award in 2003*

*Gary Fahey, Manager Distribution Operations, age 42, 3 awards in 2002, 1 award in 2003.*

*Richard Otenti, former Manager Finance, retired on 04/03/02. Information is no longer available.*

12.    Describe all communications between the Plaintiff and Frank Neri regarding the Plaintiff's performance related issues.

**OBJECTION:**    Defendant objects to this request on the grounds that it is overly broad in scope and time, vague and ambiguous.  It is not possible to recall all communications regarding what Plaintiff may or may not view as "performance related issues".

*RESPONSE:  See responses to previous interrogatories, including interrogatory number 1, and responses to requests for production of documents.*

### REQUEST FOR PRODUCTION OF DOCUMENTS

2.    Provide a copy of all documents regarding the assignment of the Plaintiff to the MDO development training program in November 2003.  In addition, provide a CD copy of the electronic files. Identify who provided this information.

**OBJECTION:** Defendant objects to this interrogatory on the grounds that it characterizes Plaintiff as being in the MDO development training program.

**RESPONSE:**    Notwithstanding the objection, see documents produced herewith.

*PRODUCTION OF A CD COPY IS NOT REQUIRED.*

3.    Provide a copy of all documents regarding the Plaintiff's removal as Manager Distribution Operations tour 3 and detail to Operations Support in October 2003. In addition, provide a CD copy of the electronic files. Identify who provided this information.

**OBJECTION:**    Defendant objects to this request on the grounds that Plaintiff was not removed as Manager Distribution Operations. Furthermore, Plaintiff was not on a detail, and he was not in

3

Operations Support.

**RESPONSE:** Notwithstanding the objection, for information pertaining to the In-Plant Support and training, see the responses to Requests 1 and 2.

***PRODUCTION OF A CD COPY IS NOT REQUIRED.***

4.    Provide a copy of all documents from all individuals that were involved with the decision to remove the Plaintiff from the Manager Distribution Operations on tour 3 in October 2003, and assignment to the MDO development program in November 2003.   In addition, provide a CD copy of the electronic files.   Identify who provided this information.

**OBJECTION:**  Defendant objects to this request on the grounds that Plaintiff was not removed as Manager Distribution Operations. Furthermore, Plaintiff was not assigned to the MDO development program.

**RESPONSE:** Notwithstanding the objection, for information pertaining to his training assignment, see responses to Requests 1 and 2.

***PRODUCTION OF A CD COPY IS NOT REQUIRED.***

5.    Provide a copy of all documents relating to the assignment of all EAS employees in the Boston District to the MDO development training program for the periods FY 2002, 2003 & 2004.   Identify who provided this information.

**OBJECTION:**  Defendant objects to this request on the grounds that it is overly broad in time.

***SUPPLEMENTAL RESPONSE:  To the extent that documents were located and pertained to the Boston P&DC for FY 2002 and 2003, see documents produced herewith.  Documents were provided by Mary Beth Williams, Boston P&D, and Michael Cole,  Manager Training Boston District.***

7.    Provide a copy of documents identifying any needed improvement pertaining to the Plaintiffs performance for FY 2002, 2003 & 2004.   In addition, provide a CD copy of the electronic files.   Identify who provided this information.

**RESPONSE:**  See documents produced herewith and in response to requests 1 and 2.

4

***PRODUCTION OF A CD COPY IS NOT REQUIRED.***

8.     Provide a copy of all documents regarding the fire of October 28, 2003 in the Postal Facility located at 25 Dorchester Aye, Boston, MA 02205.  In addition, provide a CD copy of the electronic files.  Identify who provided this information.

**OBJECTION:**  Defendant objects to this request on the grounds that it is overly broad and burdensome.

**RESPONSE:**  See documents produced herewith and in response to requests 1 and 2.

***PRODUCTION OF A CD COPY IS NOT REQUIRED.***

13.    Provide a copy of all Boston District and Boston P&DC travel regulations, policies, or other instructions pertaining to the submission of travel requests, approval of travel, and payment of travel expenses.

**OBJECTION:**  Defendant objects to this request on the grounds that it is overly broad, burdensome, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

***SUPPLEMENTAL RESPONSE: The Boston District travel regulations are the regulations which are contained in Handbook F-15, Travel and Relocation.  A copy of Handbook F-15 is produced herewith.***

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: June 1, 2005

Christopher R. Donato
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617)748-3303

5

## CERTIFICATE OF SERVICE

I certify that on this day a true copy of the Defendants'
Supplemental Response to Plaintiff's Interrogatories and Request
for Production of Documents was served by first class mail,
postage prepaid, upon the pro se plaintiff at the following
address:

Richard W. Duggan
103 Oak Lane #6
Brockton, MA 02301

Dated: June 1, 2005

Christopher R. Donato
Assistant U.S. Attorney

6

## Duggan, Bud W - Boston, MA

| | |
|---|---|
| **From:** | Chris.Donato@usdoj.gov |
| **Sent:** | Tuesday, May 24, 2005 10:29 AM |
| **To:** | Duggan, Bud W - Boston, MA |
| **Subject:** | FW: your deposition in Duggan v. Potter |

Bud,

This is the deposition order that Anna Crawford put together.

Just to confirm our conversation this morning, the USPS is trying to contact Frank Neri who apparently is out of the country until June 29, 2005. Accordingly, he is unavailable to be deposed on May 31, 2005. As soon as I can confirm when he will be available to be deposed, I'll be in touch with you to schedule. Consequently, I'll have to request a further extension on the discovery deadline but I don't want to do that until I can confirm Frank Neri's attendance.

Thanks,
Chris Donato

-----Original Message-----
From: anna.v.crawford@usps.gov [mailto:anna.v.crawford@usps.gov]
Sent: Tuesday, May 24, 2005 9:53 AM
To: william.j.kidik@usps.gov; paul.e.bolas@usps.gov; robert.l.macdonald@usps.gov;
Lisa.J.Maydoney@usps.gov; timothy.d.leonard@usps.gov; andrew.cullen@usps.gov;
norma.souto@usps.gov; paul.a.passariello@usps.gov
Cc: Donato, Chris
Subject: RE: your deposition in Duggan v. Potter


Your depositions are scheduled as follows for May 31 in the LR conference room in the GMF:

1:00pm Leonard
1:20pm Kidik
1:40pm Farrell
2:00pm Maydoney
2:20pm Cullen
2:40pm Soutu
3:00pm Bolas
3:20pm Passierello
3:40 pm MacDonald

Would someone please give me Lisa Maydoney's phone number?

Thanks

Anna Crawford

## Duggan, Bud W - Boston, MA

**From:**      Duggan, Bud W - Boston, MA
**Sent:**      Tuesday, June 07, 2005 3:59 PM
**To:**        'Chris.Donato@usdoj.gov'
**Subject:**   RE: deposition date for Neri

Chris,

I'll sked for the 16th @ 10:30AM in the LR Conf room, assuming that Anna can reserve it.

Please have her get back to me ASAP so that I can sked the court reporter.

Bud


-----Original Message-----
From: Chris.Donato@usdoj.gov [mailto:Chris.Donato@usdoj.gov]
Sent: Tuesday, June 07, 2005 8:20 AM
To: Duggan, Bud W - Boston, MA
Subject: RE: deposition date for Neri

Bud,

Anna Crawford has to attend a previously scheduled deposition on the 13th.  She has
specifically requested the 16th.  Can you accommodate her?

Chris Donato

-----Original Message-----
From: Bud.W.Duggan@usps.gov [mailto:Bud.W.Duggan@usps.gov]
Sent: Monday, June 06, 2005 10:53 PM
To: Donato, Chris
Subject: RE: deposition date for Neri


Chris,

I don't see any reason why we can't do this on the 14th.

Bud

-----Original Message-----
From: Chris.Donato@usdoj.gov [mailto:Chris.Donato@usdoj.gov]
Sent: Friday, June 03, 2005 4:21 PM
To: Duggan, Bud W - Boston, MA
Subject: FW: deposition date for Neri


-----Original Message-----
From: anna.v.crawford@usps.gov [mailto:anna.v.crawford@usps.gov]
Sent: Friday, June 03, 2005 3:58 PM
To: Donato, Chris
Subject: RE: deposition date for Neri


Chris, Neri can't do it the 15th, but asked if we can do it in the afternoon of the 16th,
or on the 13th. Let me know what works for you.

-----Original Message-----
From: Chris.Donato@usdoj.gov [mailto:Chris.Donato@usdoj.gov]

1

Sent: Friday, June 03, 2005 1:42 PM
To: Crawford, Anna V - Windsor, CT
Subject: FW: deposition date for Neri

Anna,

Can you get a conference room for 10:30 am?

Chris Donato

-----Original Message-----
From: Bud.W.Duggan@usps.gov [mailto:Bud.W.Duggan@usps.gov]
Sent: Friday, June 03, 2005 1:38 PM
To: Donato, Chris
Subject: RE: deposition date for Neri

Can she get the LR conf room at 10:30AM?  If yes let me know ASAP so that I can schedule
the court reporter.

Thanks,

Bud

-----Original Message-----
From: Chris.Donato@usdoj.gov [mailto:Chris.Donato@usdoj.gov]
Sent: Friday, June 03, 2005 1:33 PM
To: Duggan, Bud W - Boston, MA
Subject: RE: deposition date for Neri

Bud,

We are on for the 14th.  What time do you want to start?  Because the deposition may run
longer than 3 hours, I recommend getting started in the morning at around 10 am.  Please
let me know what time you intend on getting started so that I can relay that information
to Anna Crawford.

Thanks,
Chris Donato

-----Original Message-----
From: Bud.W.Duggan@usps.gov [mailto:Bud.W.Duggan@usps.gov]
Sent: Friday, June 03, 2005 11:20 AM
To: Donato, Chris
Subject: deposition date for Neri

Chris,

I'm not able to do Tuesday June 7 as I'm working the night before and will have to be back
to work the afternoon shift\.

How about Tuesday June 14?  I expect the deposition will last about three (3) hours with
Frank.

Let me know ASAP so that I can sked the court reporter.  If that date is OK, ask Anna
Crawford to reserve the LR conf room.

Thanks

Bud