```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| RICHARD W. DUGGAN,         )<br>     Plaintiff,          )<br>                           )<br>v.                         )<br>                           )<br>JOHN POTTER, POSTMASTER    )<br>GENERAL, ET AL,            )<br>     Defendants.           )<br>                           ) | Civil Action No. 04-11116-DPW |

**DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS**

The defendants, John E. Potter, Postmaster General, and the United States Postal Service, respectfully request that this Court deny the plaintiff's motions to compel and for sanctions in the above-captioned matter. As reason therefore, the defendants state that the plaintiff has failed to certify that he has complied with Local Rule 7.1 and for the reasons set forth below.

**ARGUMENT**

**I.   Plaintiff's Request for Motion to Compel Dated July 1, 2005.**

**Allegation:**

*"The plaintiff has failed to identify all reasons for the plaintiff's removal from his position and assignment to a training program as required and has failed to produce all documents as identified in the first request for production of documents."*

**Response:**

Interrogatory #2 in the plaintiff's first set of interrogatories states, "Identify the <u>specific reason</u> that the Plaintiff was detailed from his position as the Manager

Distribution Operations tour 3 to the MDO development training program in November 2003." (Emphasis added). The defendants answered the interrogatory as requested and provided the documentation identified in the first request for production of documents.

**Allegation:**

*"The defendant has failed to provide all copies of information relating to those issues identified in the plaintiff's request identified as #2 in the request for production of documents."*

**Response:**

The defendants provided all relevant information in their possession as requested in the first request for production of documents #2.

**Allegation:**

*The defendants failed to provide documentation on CD.*

**Response:**

The defendants have no duty to scan documents and convert them to a CD. The defendants provided the documentation that the plaintiff requested. The plaintiff can convert the documents to CD if he wants at his own expense.

**Allegation:**

*"The defendants failed to produce any documents identifying any need for improvement in the plaintiff's area of responsibility."*

**Response:**

The defendants provided all relevant information in their

possession as requested.

**Allegation:**

*"Request for production of documents # 11. The defendant has failed to produce this document. They have only provided the information for EAS personnel identified as # 0087, 0088, & 0089 of the defendant's response."*

**Response:**

Request for Production of documents # 11 states the following: "Provide copies of all reports for the period June 1- October 30 for FY 02, 03 & 04 identifying the utilization of work hours, overtime, LWOP, sick leave, annual leave, FMLA SL, FMLA AL, FMLA LWOP. Identify who provided this information." The defendants objected to this request on the grounds that it was overly broad, burdensome, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, the defendants provided reports covering the periods June through October for FY 2002, 2003, and 2004. The reports were obtained from Mary Ann Bosari. In as far as the plaintiff seeks more information, the defendants maintain their objection.

**Allegation:**

"The defendant failed to respond to the Plaintiff's second set of interrogatories and request for production of documents dated May 12, 2005 and the Plaintiff's third request for production of documents dated May 19, 2005."

**Response:**

The defendants have provided a response to the plaintiff's

3

second set of interrogatories and request for production of documents. The defendants apologize for the delay in responding which was due to the defendants' mistaken belief that this information was already provided, however, what was actually provided was a supplemental response to the first set of interrogatories.

Furthermore, pursuant to Local Rule 26.1(C), the plaintiff is limited to twenty-five (25) interrogatories, ten (10) depositions, and two (2) separate sets of requests for production. The plaintiff included fourteen (14) interrogatories in his first set of interrogatories; accordingly, he is allowed eleven (11) more. The plaintiff has already served two sets of requests for production of documents; accordingly, he is not allowed any more. The plaintiff has deposed ten (10) United States Postal Service employees, thus, he has exhausted his deposition limit.

**Allegation:**

"The defendant failed to respond to the plaintiff's request for depositions in that Mr. Neri was not made available on May 31, 2005. His absence required a second date for depositions. The Plaintiff requests the defendant pay the cost of attendance, one hundred twenty five dollars ($125.00) for the second day of depositions required due to Mr. Neri's absence on the first day. See enclosed emails."

**Response:**

On February 2, 2005, the parties submitted a proposed discovery schedule to the Court. On February 11, 2005, the Court

adopted that proposed discovery schedule.  According to the discovery schedule, all depositions were to be completed by May 31, 2005.  The defendants conducted the deposition of the plaintiff on April 6, 2005.  On or about May 20, 2005, the defendants received a notice of deposition for ten (10) USPS employees, all for Tuesday, May 31, 2005, the day after Memorial Day, beginning at 1 p.m.  The defendants were able to notify nine (9) of the ten (10) employees and arrange for their attendance.  The defendants, however, were unable to get in contact with USPS employee Frank Neri who had just completed a course of study at a local University and had gone on a long vacation.  The defendants immediately notified the plaintiff of this problem.  Accordingly, the plaintiff and the defendants agreed to request the Court to grant an extension to complete discovery in order to allow the deposition of Frank Neri.  The Court granted this extension.

   The defendants were, ultimately, able to get in contact with Frank Neri and coordinate the scheduling of his deposition with the plaintiff.  The deposition of Frank Neri took place on June 16, 2005.  The plaintiff is upset because the defendants were unable to accommodate his request to have the ten (10) USPS employees attend their depositions on the same day.  As a result, the plaintiff had to pay the stenographer for a second day.  It is the defendants' position that the additional cost is an ordinary cost of litigation for which the plaintiff is

responsible.

**II.   Plaintiff's Request for Motion to Compel and Request for Sanctions.**

All the documents in the possession of the defendants referred to by the plaintiff in relation to the deposition of Mr. Neri have already been provided to the plaintiff by the defendants.  Apparently, Mr. Neri in stating "I would have to refer to my notes to determine the specifics of that" meant the general records of the USPS relating to who was working on the specific dates and times referenced by the plaintiff.  The defendants agree to the proposition that the defendants should not be allowed to introduce documentation at the trial that was not provided during the discovery process.

With regards to the to the plaintiff's confrontations with the nursing staff, all documentation in the possession of the defendants was provided to the plaintiff.  Accordingly, the defendants respectfully request that this Court deny any attempts by the plaintiff to limit the testimony of Mr. Neri in regards to those incidents.  As previously stated, however, the defendants agree to the proposition that the defendants should not be allowed to introduce documentation at the trial that was not provided during the discovery process.

**CONCLUSION**

For all of the aforementioned reasons, the defendants respectfully request that this Court deny the plaintiff's motions to compel and for sanctions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: July 19, 2005    By:    /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the defendants' opposition to the plaintiff's motions to compel and for sanctions was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Richard W. Duggan
103 Oak Lane #6
Brockton, MA 02301

Dated: July 19, 2005    /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney